My name is Morris E. Cohen. I represent the plaintiff in charge of Icebox-Scoops, Inc. Your Honor, it was demonstrated extensively at trial that Icebox acted in extensive good faith. In fact, Icebox exceeded all of the defendant's expectations. In contrast, it was also demonstrated at trial that the defendants did exactly the opposite. The jury found that the defendants committed fraud and various breaches against Icebox. And yet, at the end of the trial, the defendants ended up extensively enriched by their illegal activity, and Icebox came out far behind. We respectfully submit that the district court's ruling that limited Icebox's ability to prove its damages was wrong as a matter of law. And I'd like to briefly— Wrong as a matter of Pennsylvania law? They're both Pennsylvania law and New York law because some of the causes of action came under Pennsylvania law, yes, Your Honor, and some came under New York law. And I'd like to briefly summarize the four areas. The first area was with respect to the limitations clause in the contract. Icebox and Finanz entered into a contract, and that contract contained a limitations clause with respect to liability. Unfortunately, the district court limited Icebox's ability to prove damages against Dana based on that clause. However, Dana was not a party to that contract. Only Finanz was a party to that contract. As a result, we submit that it was error to limit liability against a party that was not a party to the contract. Likewise, even against Finanz, although there was a clause, Pennsylvania law and New York law both are in agreement on this. Yes, Your Honor, I believe in the briefs we made the argument that it could only be applied against—on the summary judgment brief, only applied against a party to the contract. I don't believe the briefs are part of the appendix because of the local rules, but I can provide a supplement with the exact site and the page of the brief. Forgive me while you're looking for that. On the question of Finanz's liability, that is the question of whether their bad faith means that you can recover her damages beyond those specified in the contract. It's a matter of Pennsylvania law, is it not? It's a matter of Pennsylvania law, yes, Your Honor. Am I wrong? It's never been decided by the Supreme Court of Pennsylvania. Well, the federal courts that have addressed this issue have all interpreted— No, no, no, I know that, but it's never been decided by the Pennsylvania Supreme Court, right? It was decided by Behrens, which was a Superior Court decision. It was then affirmed, and then there were various changes on other grounds. Where I'm going is, why shouldn't we certify that question to the Pennsylvania Supreme Court? The Court could certify the question. Right now, all of the federal courts and the Third Circuit have all interpreted Pennsylvania law and the Supreme Court as ruling that bad faith is an exception. Here we have fraud. It's an excess of bad faith. But there's a uniform line of authority. Every federal court that has addressed this point has determined that bad faith is an exception. And likewise, the Third Circuit in Valhalla found there's an exception. In Valhalla, it found negligence, not bad faith, but it recognized there is such an exception as the Supreme Court would so hold. Even with a limitation of liability clause? Even with a limitation of liability clause. A limitation of liability clause is enforceable for acts of simple negligence, but not for acts of bad faith or especially fraud. And Pennsylvania has a very broad definition of bad faith. We're Under Command provides an explanation and definition of the bad faith exception. It's fairly extensive. If your allegation is a complaint of fraud, you should have a civil obligation to comply with the complaint. The complaint was general and it was fraud and inducement of the contract and fraud in general. But then on summer judgment and so forth, we discussed all of the details of that fraud. The fraud including all of the promises that were made by the defendants to ICEBOX to go into the contract. They made promises before the contract was entered into and then again after the contract was entered into. That's an exceptional obligation for the defendants to comply with the security rules of the contract. Yes, that's correct. But it seems that in my case, one of the most important steps, perhaps, is to add an inducement. It's a limitation of liability clause. And I made a point about that. I made a point about that. Weren't there allegations of negligence? No, I didn't use an inducement. Yes, there were limitations of liability. Well, I think with respect to clause, the entire contract was entered into as a whole. And ICEBOX was only willing to enter into those particular clauses of the contract based upon the representations that were made that were fraudulent. Those representations would not have resulted in an agreement if not for defendants' specific indications that they would not sell to Disney and so forth and so on. ICEBOX would never have accepted that clause, which would have limited liability, if it knew that this particular agreement and this particular contract didn't just be officiated. And there was extensive evidence at trial of that, that ICEBOX relied upon all the representations and the jury they found for it. But as you said, it was a general finding of fraud. Barrons. Barrons. Yes, Your Honor. It's— Well, Barrons was a different case with utility. However, that principle has been followed by every federal case. I don't know of a single federal case that didn't. We're under command— In the Third Circuit. In the Third Circuit, yes. I'm only referring to the First Circuit. We're under command, Guy Chemical, here best a recent decision of 2014. There's a series, and I'll reply briefly on page 12 to 13. We list all of the cases. Every case that we have been able to find has followed that principle, that bad faith is an exception that will vitiate such a clause. And here, again, there was a finding not just of bad faith but of fraud. The second area, just quickly, out of the floor, was with respect to the breach of warranties. At the district court level, the defendants did not even move for a limitation on breach of warranties. And yet the defendants—I mean the plaintiffs' damages were limited on all causes of action, including breach of warranties, which wasn't even briefed. As a result, we submitted in our brief that it was legal error to limit damages on a cause of action that was not even part of the summary judgment motion. I see my time is up, unless there are any more questions. Thank you. Good morning, Your Honors. Charles Michael from Steptoe & Johnson on behalf of the Appellees, Financing, Honoré, and Dana Classic Fragrances. This appeal is primarily about whether this Court should enforce as written a clause in a commercial contract limiting the potential damages that either side would owe to the other. Judge Gershon enforced the clause as written. She was correct to do so, and this Court should affirm. The other side has raised various more minor arguments, but I will focus on that. The license agreement, as you point out, Judge Rakoff, is governed by Pennsylvania law, and the limitation of liability clause has all of the features that Pennsylvania courts emphasize when they enforce these clauses as written. Number one, the clause is a limitation of liability. It is not an exculpation of liability. That distinction is all over the cases. Number two, it was part of a commercial contract. Number three, it was negotiated by counsel on both sides. In fact, Mr. Cohen negotiated the contract. He's an IP specialist. He teaches IP law at Ardozzo. Icebox was well represented. Number four, the clause was beneficial to both sides. This was not some boilerplate clause on the back of a cruise ticket. This was a negotiated clause that said either side had their damages limited. All of that may be true, but I haven't heard yet from you on the question of whether bad faith vitiates the enforcement of that provision. It does not. And to answer your question from earlier, Judge Rakoff, not only has the Pennsylvania Supreme Court not addressed it, I don't believe there's a Pennsylvania Superior Court, a pillow court decision. So there are district courts, federal district courts that have said that. There are. And they could be right, they could be wrong. Why don't we ask the Pennsylvania Supreme Court and find out? You absolutely could. The Pennsylvania Supreme Court has a procedure. They'll take questions from any circuit, including this one. I think the better reading, however, and I think that is that there is no exception. And I also think if there were an exception, it wouldn't apply on the facts of this case, what we're talking about, at best an efficient breach. So I think the court can say, well, even assuming there was an exception, so the question doesn't have to go to Pennsylvania, the exception wouldn't apply on the facts of this case. I respectfully disagree with that a little bit, Your Honor. The Greenspan case in the Third Circuit was one of these alarm cases. The alarm company delayed in fixing a house. The house burned down. The family had $400,000 in damages. And they said that it was willful, wanton misconduct. And the court didn't say anything about any bad faith exception. It enforced the limitation. And there are many, many federal district cases that we cite in the appendix to the back court brief where nobody talks about a bad faith exception. There are only a handful that do. And Judge Loyer, I understand there are cases that go their way, but we can figure out that all of those cases trace back to the misreading of Barron. They just cite blindly these snippets from Barron that just don't apply here. Barron involved the statutory authority of the Public Utility Commission. It had nothing to do with a privately negotiated contract. I do want to mention, though, that following Barron, there was another yellow paper. Barron DePaul was a yellow pages case. Loyer's name wasn't listed. Called Vassilis from 1991. The court enforced the limitation liability. This was in a private contract, though, so it was a yellow pages case, but not about a public tariff. And the court enforced the limitation and said nothing about a bad faith exception. That was a Pennsylvania Superior Court case, so I think that's fair to tell. I do want to address – Mr. Morris went immediately from there. Mr. Cohen, excuse me, to the question of whether Dana is liable. Judge Loyer, you're exactly right. The question of Dana being liable separately because it didn't cite the contract was not in their opposition brief. That's ECF number 74 on May 3, 2011. There's no mention of that. Even apart from that, even assuming they had raised the issue, Dana cannot have untapped liability because Dana is only tagged with the non-contract claims. Dana didn't sign the contract, and so if you're talking about fraud or commissory estoppel, those types of claims are out-of-pocket damages by their nature. I should also mention that even previous to the summary judgment decision that's under review here, there was a motion to dismiss, and guess what? Dana at the time was represented by separate counsel, and what Dana said in this motion to dismiss is we can't be liable for anything because we didn't sign the contract. And what did they say in response? We quote this twice in our brief. They say, oh, no, no, no. The breach of contract and warranty claims 1 and 2 are not being asserted against Dana. That's what they said. It was a stipulation, and this brings back – this goes back to a bigger point. We are here reviewing Judge Gershon's March 2012 decision on summary judgment and her decision to not even plead to amend. Stuff that happened later shouldn't be considered. It's irrelevant. That stipulation was a mistake. I didn't do it. I don't know how it came about. But when Judge Gershon had her decision before her, no one was talking about the warranty claim against Dana because they had disclaimed it. They didn't argue it. I think that claim is waived many times over. Yes. You certainly could, but I think the case law in all four departments is pretty solid that when a case arises from contractual dealings, whether you're talking about a contract claim or not, but when it has its origins in contracts, the only way you get punitive damages is if there's a public wrong. There's no hint of a public wrong here. And number two, punitive damages under New York law, it's well settled, have to arise from very egregious wrongdoing, not what we have here at best an official breach. The punitives are available in this case. They're available in every fraud case. This is at best an ordinary fraud. Right. They didn't get to it. You're correct, there's not. I see my time's up. Well, here we have the preceding question of the egregiousness. In Carvel, I think it was something worse on the facts of this. This is ordinary fraud of somebody just finding a better deal, and the case law in New York is pretty good. I suspect if it went to the New York Court of Appeals, they would say, well, that ground is sufficient. Let's not reach that question. Let's not. One, I prefer the case be affirmed, obviously. And two, this case has been going for ten years. And if we're going to go to two different Supreme Courts, that would make it longer. Just to be candid, I think the case should be affirmed based on the arguments in the papers. But sure, certification is an option. Thank you, Your Honors. Well, probably the only thing we agree with the other side about is that this case has been going on for ten years, and we would like to get a resolution. However, Your Honors, So your clients want a resolution, but of course, think what fun you would have if we certified it. I agree with that. Your Honor, that is correct. And Judge Lurie is also correct that this was certified by the court in Carvel. The court in Carvel found that a public wrong is not required as here where a fraud is independent from the breach of contract. That is grounds for affirmance here. Your Honor is correct as well that Carvel attempted certification. The New York Court of Appeals addressed another issue in the certification and didn't address this particular issue. Based upon this court's precedent in Carvel, we believe that there should be reversal. But Your Honor is also correct that this is an issue of law, which perhaps could use clarification from the New York Court of Appeals to the extent that you've asked for it and it hasn't been clarified before. With respect to the stipulation issue, Dana, there was no breach of express warranty based on the contract against Dana. There were breaches against Dana and asserted a trial breach of warranty based upon oral warranties and another document, another written document, the Alcalva letter. And the defendants expressly stipulated to that in a letter. They provided a letter to the court in which they acknowledged that Dana was being pursued for a breach of warranty. And, in fact, at trial that claim was tried and there were jury instructions. And they never objected to those jury instructions and they never appealed that issue. So it's very clear that Dana did have a valid breach of warranty claim against it, which claim was basically found by the jury that they had engaged in a breach of warranty. With respect to the Barron's case and all the other cases, the defendant's position basically is that every single federal case that has looked at Pennsylvania law has been incorrect. We respectfully disagree. We believe that the courts have followed what they perceive to be the Pennsylvania law in the area. And, of course, it would delay the case to go to certification of the Supreme Court. But each case that has looked at it in their own context have all uniformly found that these types of clauses are not enforceable. And New York takes the same position, that these types of clauses are void against public policy. The Soviero case in New York specifically indicated that these types of clauses cannot be enforced when there's fraud. And in Turkish, the court specifically said here that we could never enforce a clause that would immunize a defendant from the consequences of its own fraud. A defendant can never immunize itself from fraud by using a limitations clause. Turkish was very forceful about that, and we relied upon Turkish in our brief. We believe the exact same principle applies here, that they cannot use fraud to immunize themselves from – a limitations clause to immunize themselves from the consequences of their own fraud. And last but not least. If there's a fraudulent scheme and the contract and so forth, well, part of a fraudulent scheme by a defendant – so if a defendant's had a fraudulent scheme and they entered into it and the plaintiff relied upon their misrepresentations and then entered into that contract, the fraud doesn't have to be shown that they lied about that particular clause. I don't know if you'll ever be able to find a case in which they specifically lied about that one particular clause. In fact, they'll be lying about the circumstances that are engaging the parties into a business relationship. And I don't know of any case that has required – I may be not familiar with every case, but I'm not familiar with any case that's required that the fraud be specifically about the limitations clause itself. I don't think Soviero held very well the other cases. Thank you, Your Honors.